UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER MURPHY | : | |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT – | : | |
| EASTERN CONNECTICUT | : | |
| STATE UNIVERSITY, LAWRENCE | : | |
| BOTTING, and JEFFREY GAREWSKI | : | AUGUST 4, 2011 |

## COMPLAINT

**PRELIMINARY STATEMENT**

This is an action to redress the deprivation of rights secured to the plaintiff by the

Constitution and laws of the United States and the State of Connecticut.  The plaintiff, Jennifer

Murphy, brings this action against defendant State of Connecticut – Eastern Connecticut State

University ("ECSU") for unlawful gender discrimination, hostile work environment, and

retaliation pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.

("Title VII"), and Connecticut General Statutes 46a-60.  The plaintiff also brings the common

law claims of intentional infliction of emotional distress against defendant Lawrence Botting and

Jeffrey Garewski, and assault and battery against defendant Botting. The federal and state claims

are derived from a common nucleus of operative facts, thus conferring upon this Court

supplemental jurisdiction over the state cause of action.  Jurisdiction is founded upon 28 U.S.C.

§§ 1331, 1343, and 1367.  The plaintiff has complied with all of the procedural requirements for

suit, including the filing of a claim with the CCHRO and EEOC, and requesting release of their

jurisdiction.

1

**COUNT ONE:**  **DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT ECSU**

1.     The plaintiff, Jennifer Murphy, is and was at all times relevant to the complaint employed as a University police officer at ECSU.  The plaintiff has worked as a police officer for the defendant since January 16, 1998.

2.     The defendant is the State of Connecticut, Board of Trustees, Eastern Connecticut State University, located at 83 Windham Street, Willimantic, CT 06226.  The defendant employs more than fifty (50) individuals, and is an employer as defined by Title VII, 42 U.S.C. § 2000e(b), and Conn. Gen. Stats. §46a-51(10).

3.     Sergeant Lawrence Botting became the plaintiff's supervisor in 2004 while she was working the 2nd shift from 3:30 p.m. to 11:30 p.m.  There were two other females working with the plaintiff at this time.  Both of those individuals have since discontinued their employment with the defendant.

4.     From the beginning, Sergeant Botting singled out the plaintiff for unfair and disparate treatment.  Among other things, he required her to do additional work such as rewrite reports that other male police officers were not required to do.

5.     Sergeant Botting also made constant remarks regarding the plaintiff's hair.  He tells her she is constantly in violation of an alleged policy that female officers cannot wear bangs and asserted that the plaintiff had to wear her hair in a bun.  A dispatcher, Lisa Lester, asked Sergeant Botting why he always commented on the plaintiff's hair, to which he responded "because I can."

6.     Sergeant Botting often took away the plaintiff's police cruiser and gave it to male officers so she would be required to walk the campus rather than drive.  When calls came in that the

2

officer who had the vehicle could respond to, Sergeant Botting would instead order the plaintiff to take the call, even though she was further away and without a vehicle.

7.       Sergeant Botting had refused to allow the plaintiff to wear her jacket when it was very cold outside and she was assigned to walk the campus.

8.       On March 30, 2006, the plaintiff and another Hispanic female officer were having a quiet conversation while speaking in Spanish.  Sergeant Botting entered the patrolman's room and interrupted their conversation, stating that they were not allowed to speak in their "native tongue."  The plaintiff filed a formal complaint regarding this incident, but nothing was ever done to resolve it.

9.       Sergeant Botting would unnecessarily question the quality of the plaintiff's work. For example, he questioned her about an arrest of an individual for possessing paraphernalia.  The plaintiff was told that she had to write a letter to the prosecutor's office telling them that she was wrong about the arrest, which was false.  She was told that she had to see Chief Jeffrey Garewski, who yelled at her for not writing the letter, even though he told her earlier that she did not have to write it.  He told her that his supervisors get 100% of his support, and if she did not follow Sergeant Botting's every order that she would be disciplined.

10.     Sergeant Botting would mete out petty disciplines and reprimands while other male officers were not treated in the same manner.

11.     In 2006, Sergeant Botting issued the plaintiff an unsatisfactory performance evaluation. She had never received a poor performance evaluation since joining the force.  The evaluation was inappropriate and false, especially considering the fact that the plaintiff was pregnant during at least half of the evaluation period.

**Tindall, Holmes & Kestenband, LLC**
67 HOLMES AVENUE • WATERBURY CT 06710 • JURIS NO. 426814 • TEL: (203) 755-0018 • FAX: (203) 755-0036

12.     The plaintiff made several verbal complaints to Lieutenant McBride and Chief Garewski regarding Sergeant Botting, informing them that she believed that she was being singled out for unfair treatment and that her work environment was becoming hostile.  McBride and Garewski refused to address the plaintiff's complaints.

13.     On October 29, 2007, the plaintiff filed a written complaint concerning Sergeant Botting's conduct in regards to her appearance.  Despite the plaintiff specifically informing Botting's superiors that she was an object of gender discrimination, they continued to ignore her complaints.

14.     On April 22, 2010, the plaintiff arrested an individual while on duty.  The case report was completed along with a use of force form and submitted to Sergeant Botting on April 23, 2010. Botting stated that he wanted to go over the report with the plaintiff and that he had a few problems with how she handled the individual that was arrested.

15.     Upon Sergeant Botting's order, the plaintiff showed him how she handled the individual by putting her hand up and extending her arm.  Sergeant Botting then stood up and asked her to show him what she did on him, so she extended her arm as if she was pushing him away.  He then suddenly grabbed her hand and forearm without warning, and violently twisted her arm inward towards her body.

16.     The plaintiff was physically injured by Sergeant Botting, necessitating medical attention.

17.     The plaintiff made several complaints regarding this incident to her superiors.  Finally, she had to consult with her attorney who contacted Chief Garewski.  Garewski claimed that she had not filed a formal complaint, which is false.  Nevertheless, she made another written statement making it clear that she wanted the harassment investigated.

4

18.     Not surprisingly, the matter was not being investigated in a reasonable manner, was investigated internally, now treating the plaintiff like a suspect, and finally charged her with discipline up to and including termination.  Furthermore, Chief Garewski told the plaintiff that she was not to discuss the abuse and harassment with anyone.

19.     Since the complaints made by the plaintiff, the defendant has retaliated by (1) taking the plaintiff off of second shift and placing the her on the midnight shift, (2) launching an "investigation" into her credibility and threatening to terminate her employment, (3) unnecessarily and discriminatorily subjecting her to disciplinary measures, including a recent 10 day suspension over a minor issue that others similarly situated have not been so severely disciplined and (4) subjecting her to increased harassment and emotional distress in an effort to coerce her into withdrawing her complaint.

20.     Additionally, Chief Garewski has been harassing a co-worker, Nancy Purvis, who had previously opposed harassment and discrimination.  Chief Garewski questioned her as to what she has said to the plaintiff's attorney.

21.     The plaintiff has been illegally subjected to discriminatory terms, conditions, and privileges of employment, and a hostile work environment on the basis of her sex in violation of Title VII.

22.     As a direct and proximate result of the defendant's discriminatory actions, the plaintiff has suffered embarrassment, humiliation, emotional distress, loss of professional respect and dignity, and has incurred legal fees.

5

**COUNT TWO:**            **RETALIATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT ECSU**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one through twenty of Count Two.

21.     The defendant has subjected the plaintiff to unlawful retaliation in violation of Title VII as a direct and proximate result of the complaints filed against the defendant and its agents.

22.     As a direct and proximate result of the defendant's discriminatory actions, the plaintiff has suffered embarrassment, humiliation, emotional distress, loss of professional respect and dignity, and has incurred legal fees.

**COUNT THREE:**            **ILLEGAL DISCRIMINATION BASED ON SEX IN VIOLATION OF CONN. GEN. STATS. § 46a-60 AGAINST DEFENDANT ECSU**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one through twenty of Count Three.

21.     The plaintiff has been illegally subjected to discriminatory terms, conditions, and privileges of employment, a hostile work environment, and unlawful retaliation on the basis of her sex in violation of Conn. Gen. Stats. 46a-60.

22.     As a direct and proximate result of the defendant's discriminatory actions, the plaintiff has suffered embarrassment, humiliation, emotional distress, loss of professional respect and dignity, and has incurred legal fees.

**Tindall, Holmes & Kestenband, LLC**
67 HOLMES AVENUE • WATERBURY CT 06710 • JURIS NO. 426814 • TEL: (203) 755-0018 • FAX: (203) 755-0036

**COUNT FOUR:**           **ILLEGAL RETALIATION VIOLATION OF CONN. GEN. STATS. § 46a-60 AGAINST DEFENDANT ECSU**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one though twenty of Count Four.

21.     The defendant has subjected the plaintiff to unlawful retaliation in violation of Conn. Gen. Stats. § 46a-60(a)(4) as a direct and proximate result of the complaints filed against the defendant and its agents.

22.     As a direct and proximate result of the defendant's discriminatory actions, the plaintiff has suffered embarrassment, humiliation, emotional distress, loss of professional respect and dignity, and has incurred legal fees.

**COUNT FIVE:**           **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT LAWRENCE BOTTING**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one though twenty of Count Five.

21.     As a result of Sergeant Botting's extreme and outrageous behavior, the plaintiff has endured severe emotional distress and illness.

22.     Sergeant Botting intended to cause the plaintiff severe emotional distress.  He abused his position of authority in order to injure the plaintiff.  Sergeant Botting knew or should have known that his conduct would cause such severe distress.

23.  As a direct and proximate result of Botting's behavior, the plaintiff has suffered physical and emotional pain and suffering and has incurred legal fees and medical expenses.

7

**COUNT SIX:**                    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
                                 **AGAINST DEFENDANT JEFFREY GAREWSKI**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one though twenty of Count Six.

21.     As a result of Chief Garewski's extreme and outrageous behavior, the plaintiff has endured severe emotional distress and illness.

22.     Chief Garewski intended to cause the plaintiff severe emotional distress.  He abused his position of authority in order to injure the plaintiff.  Chief Garewski knew or should have known that his conduct would cause such severe distress.

23.   As a direct and proximate result of Chief Garewski's behavior, the plaintiff has suffered physical and emotional pain and suffering and has incurred legal fees and medical expenses.

**COUNT SEVEN:**                  **TORTIOUS ASSAULT AND BATTERY AGAINST**
                                 **DEFENDANT LAWRENCE BOTTING**

Paragraphs one through twenty of Count One are hereby fully incorporated as paragraphs one though twenty of Count Seven.

21.     Without the plaintiff's consent, Sergeant Botting intended to and did cause unlawful physical harm to the plaintiff by violently grabbing and twisting her arm.

22.     As a direct and proximate result of Botting's assault, the plaintiff has suffered physical and emotional pain and suffering and has incurred legal fees and medical expenses.

8

PRAYER FOR RELIEF

1.      Compensatory damages;

2.      Attorney's fees;

3.      Punitive damages;

4.      Emotional distress;

5.      Any other relief appropriate under the statutes and/or the Court deems just.


PLAINTIFF:  JENNIFER MURPHY

BY:  /s/Michelle N. Holmes
Michelle N. Holmes
Federal Bar No. ct20014
67 Holmes Avenue
Waterbury, CT  06710
203-755-0018
203-755-0036(fax)

9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER MURPHY | : | |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT – | : | |
| EASTERN CONNECTICUT | : | |
| STATE UNIVERSITY, LAWRENCE | : | |
| BOTTING, and JEFFREY GAREWSKI | : | AUGUST 4, 2011 |


**DEMAND FOR JURY TRIAL**


The plaintiff hereby demands a trial by jury as to all issues in this action.

PLAINTIFF:  JENNIFER MURPHY


By:__/s/Michelle N. Holmes_____
        Michelle N. Holmes
        Federal Bar Number: ct20014
        Tindall, Holmes & Kestenband LLC
        67 Holmes Avenue
        Waterbury, CT  06710
        203-755-0018
        203-755-0036(fax)
        mholmes@thklaw.com

**Tindall, Holmes & Kestenband, LLC**
67 HOLMES AVENUE • WATERBURY CT 06710 • JURIS NO. 426814 • TEL: (203) 755-0018 • FAX: (203) 755-0036