UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER MURPHY,<br><br>    Plaintiff,<br>v.<br><br>STATE OF CONNECTICUT--<br>EASTERN CONNECTICUT STATE<br>UNIVERSITY, LAWRENCE BOTTING,<br>and JEFFREY GAREWSKI,<br>    Defendants. | 3:11-CV-1228 (CSH) |

**RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT**

HAIGHT, Senior District Judge:

  On February 14, 2012, plaintiff Jennifer Murphy filed a Request for Leave to Amend Complaint [Doc. 23], seeking to add two counts to her Complaint: (1) a claim against defendant State of Connecticut for retaliation for exercising speech rights under Connecticut General Statutes § 31-51q, and (2) a claim against defendant Jeffrey Garewski for violating her speech rights under the First Amendment to the United States Constitution. On March 2, 2012, Defendants filed an Objection [Doc. 27] to the addition of either claim on grounds of futility, asserting that those claims do not state causes of action. In her Reply to Defendants' Objection to Plaintiff's Amended Complaint (the "Reply"") [Doc. 28], filed on March 6, 2012, Plaintiff withdrew her request to add the Section 31-51q claim. The remaining issue is whether Plaintiff may add the First Amendment claim.

  Plaintiff alleges that she is a police officer for defendant Eastern Connecticut State University (ECSU), where defendants Botting and Garewski were her superiors. Complaint ("Comp.") [Doc.

1] Count One ¶¶ 1-3, 17.  She alleges that Botting mistreated her in a variety of ways, culminating in an incident in which he grabbed her hand and forearm and violently twisted her arm.  *Id.*  ¶¶ 4-16.  She further alleges that when she complained about the matter to Garewski, he failed to investigate the incident and retaliated against her in various ways for making the complaint.  *Id.*  ¶¶ 17-19.  Plaintiff makes claims against Defendants for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; discrimination and retaliation under the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60; intentional infliction of emotional distress; and assault and battery.  She now proposes to add a First Amendment claim against Garewski, which is Count Eight of the proposed Amended Complaint [Doc. 23-1].  She alleges that Garewski terminated her in retaliation for filing complaints with the Connecticut Commission on Human Rights & Opportunities (CHRO) and this Court.

Despite the familiar principle that leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave to amend should be denied when the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Defendant argues that the proposed Count Eight does not state a claim because the speech at issue did not address matters of public concern.  Memorandum of Law in Support of Defendants' Objection to Request for Leave to File Amended Complaint [Doc. 27-1] at 3.

The First Amendment protects a public employee from being penalized by her employer for speech only if the speech addresses matters of public concern.  *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  Whether such speech is a matter of public concern is a matter of law for the Court to decide.  *Connick v. Myers*, 461 U.S. 138, 147-48 (1983).  Speech that, although touching on a topic


of general importance, primarily concerns an issue that is "personal in nature and generally related to [the speaker]'s own situation," such as his or her assignments, promotions, or salary, does not address matters of public concern. *Jackler v. Byrne*, 658 F.3d 225, 236 (2d Cir. 2011). Rather, a topic is a matter of public concern for First Amendment purposes if it is "of general interest," or "of legitimate news interest," or "of value and concern to the public at the time" of the speech. *City of San Diego v. Roe*, 543 U.S. 77, 83-84 (2004).

The proposed Count Eight describes the speech at issue as consisting of two acts. The first of these is Plaintiff's filing on August 11, 2010 of a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO), in which she alleged "that defendant was violating Title VII, state statutes and that she had been assaulted by one of her supervisors," and that "Mr. Garewski refused to conduct an independent investigation regarding the alleged assault but rather subjected her to an investigation and ultimately terminated her employment." Proposed Amended Complaint ("Prop. Comp.") [Doc. 23-1] Count Eight ¶ 3. Plaintiff makes no other allegations about the contents of the CHRO complaint. Plaintiff's allegations in the CHRO complaint, as she describes them, all concern treatment of Plaintiff herself. These allegations "generally relate to [Plaintiff's] own situation," in the language of *Jackler*.

The second speech alleged is Plaintiff's filing of the present action on August 4, 2011. Prop. Comp. Count Eight ¶ 4. As described *supra*, the factual allegations of this action concern treatment of Plaintiff by her superiors, a matter of her own concern. The one possible exception is the allegation that Garewski "has been harassing and retaliating against another employee, Nancy Purvis, who had previously opposed harassment and discrimination." Comp. Count One ¶ 20. Plaintiff asserts that this allegation renders her claims in this action a matter of public concern. Reply at 2-3.

However, the specific act alleged is that Garewski "questioned [Purvis] as to what she has said to the plaintiff's attorney." Comp. Count One ¶ 20.  This allegation appears to be directed to Plaintiff's present lawsuit.  In context, it is impossible to see this single statement as being "of general interest," or "of legitimate news interest," or "of value and concern to the public."  Made in the midst of Plaintiff's Complaint, it was not publicized in such a way as to suggest that its purpose or effect was to communicate with the public about Garewski's treatment of Purvis.  *See Weintraub v. Bd. of Educ. of N.Y.*, 593 F.3d 196, 204 (2d Cir. 2010), *citing Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 694 (5th Cir.  2007)  (to determine whether a speaker was acting in her role as citizen, we should focus on the role the speaker occupied when she said it).

Plaintiff's complaints to CHRO and this Court are classic examples of statements on a matter of an employee's own concern.  Thus, Count Eight does not state a claim, rendering the proposed amendment futile.

Plaintiff's Request for Leave to Amend Complaint [Doc. 23] is hereby DENIED.

SO ORDERED.

Dated: New Haven, Connecticut
June 27, 2012

                                         */s/ Charles S. Haight, Jr.*
                                         Charles S. Haight, Jr.
                                         Senior United States District Judge